UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUN JUNG, et al., <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE, <br><br> Defendant. | Case No. C22-5127-RSL <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL** |

This matter comes before the Court on defendant's "Motion to Compel Plaintiff's Initial Disclosures and Responses to Defendant's First Interrogatories and Requests for Production." Dkt. # 11. The motion is unopposed. "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. 7(b)(2).

Having reviewed the motions, declarations, and exhibits submitted by defendant, the Court finds that plaintiff has failed to make initial disclosures as required by Fed. R. Civ. P. 26(a) and has failed to respond to Defendant's First Interrogatories and Requests for Production. The Court further finds that defendant "in good faith conferred or attempted to confer" with plaintiff pursuant to the requirements of Fed. R. Civ. P. 37(a)(1) and Local Rule 37(a)(1). Accordingly, the Court grants defendant's motion to compel.

Defendant also requests an award of its reasonable attorney's fees and costs "in the sum of $6,694.00." Dkt. # 11-1; *see also* Dkt. # 12 at 3-4 (explaining calculation of fees). Rule 37 states that if a motion to compel is granted, "the court must, after giving an opportunity to be

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO COMPEL - 1

heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, before an award can be granted, the Court must give plaintiff an "opportunity to be heard."

Based on the foregoing reasons, defendant's motion to compel is GRANTED in part and DENIED in part. It is hereby ORDERED:

1. Within 14 days (two weeks) of this Order, plaintiff Eun Jung must serve supplemental initial disclosures on defendant identifying (1) all individuals likely to have discoverable information along with the subjects of that information and (2) a computation of each category of damages she is claiming in this lawsuit;
2. Within 14 days (two weeks) of this Order, plaintiff Eun Jung must provide to defendant all documents that she has in her possession, custody, or control and may use to support her claims or defenses;
3. Within 14 days (two weeks) of this Order, plaintiff Eun Jung must serve complete answers and produce all documents responsive to Defendant's First Interrogatories and Requests for Production;
4. Plaintiff may file on or before November 16, 2022, an opposition to defendant's fee request and/or the amount demanded.

DATED this 31st day of October, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO COMPEL - 2