UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EUN JUNG, *et al.*,

   Plaintiffs,

   v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

   Defendant.

Case No. C22-5127-RSL

ORDER GRANTING PLAINTIFF ADDITIONAL TIME TO RESPOND

   This matter comes before the Court on plaintiff's "Preliminary Response to Motion for Sanctions" (Dkt. # 20). In her response, plaintiff asks that the Court grant her an extension of time in which to make "good-faith efforts to complete production" as well as the opportunity to "supplement this briefing with further responsive materials." Dkt. # 20 at 2. Defendant does not oppose plaintiff's request for an extension of time to respond to the motion. Dkt. # 21 at 1-2.

   Under Federal Rule of Civil Procedure 6(b)(1), the Court may, for "good cause" extend the time for a response if a request is made before the original deadline expires. Fed. R. Civ. P. 6(b)(1)(A). If the request is made after the original deadline has passed, the Court may grant an extension of time where "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "An analysis of 'excusable neglect' generally requires a court to analyze the four factors set out by the Supreme Court." *See United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). These factors include danger of prejudice, length of the delay and its potential impact on judicial

ORDER GRANTING PLAINTIFF ADDITIONAL
TIME TO RESPOND - 1

proceedings, reason for the delay, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. "Good cause," on the other hand, "is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Navarro*, 800 F.3d at 1109 (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)).

     Here, plaintiff's motion requesting an extension was filed on Monday, January 23, 2023. The noting date for defendant's motion for sanctions (Dkt. # 18) was Friday, January 27, 2023. Thus, under this Court's local rules, defendant's request was timely. *See* W.D. Wash. LCR 7(d)(3) ("Any opposition papers shall be filed and served not later than the Monday before the noting date."). The Court finds that the medical difficulties plaintiff and her counsel have faced constitute good cause, and thus grants plaintiff an additional fourteen days from the day this Order is posted to respond to defendant's motion for sanctions.

     To the extent plaintiff seeks to respond to previous motions, *see* Dkt. # 20 (response docketed as a response to defendant's motion for sanctions (Dkt. # 18), motion to compel (Dkt. # 11), and motion for default (Dkt. # 13), the Court must find excusable neglect.

     As to the motion to compel (Dkt. # 11), the Court finds that plaintiff has shown excusable neglect. The danger of prejudice here is low, as defendant does not oppose granting plaintiff an extension of time to respond to its request for attorney's fees in connection with this motion, and indeed will benefit from plaintiff's participation in the discovery process. While the length of delay is significant (defendant filed the motion on August 11, 2022, and the Court issued an Order on the motion on October 31, 2022), there will be minimal impact on the judicial proceedings, as the Court has not yet ruled on defendant's request for attorney's fees and plaintiff has indicated a willingness to comply with her discovery obligations in her instant response. Furthermore, there is no indication that plaintiff acted in bad faith. The Court grants plaintiff an additional fourteen days from the day this Order is posted to respond to defendant's motion to compel, including the request for attorney's fees in connection with the motion.

     As to the motion for default (Dkt. # 13), the Court finds plaintiff has not shown excusable neglect. The motion for default was filed on August 12, 2022, and the clerk of court entered default as to plaintiff on defendant's counterclaims on August 22, 2022. Dkt. # 13; Dkt.

ORDER GRANTING PLAINTIFF ADDITIONAL
TIME TO RESPOND - 2

# 15. Plaintiff's answer to defendant's counterclaims was due on June 21, 2022. Dkt. # 13 at 3. Thus, plaintiff's request comes nearly six months after her answer was due. Given that trial in this case is currently set for April 3, 2023, allowing plaintiff to now respond to defendant's counterclaims would prejudice defendant as it prepares for trial, and is likely to disrupt judicial proceedings. Thus, to the extent plaintiff seeks to respond to the motion for default, that request is DENIED.

For all the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff will have fourteen days from this Order to file a supplemental response to defendant's motion for sanctions (Dkt. # 18).
2. Plaintiff will have fourteen days from this Order to file a supplemental response to defendant's motion to compel (Dkt. # 11), including defendant's request for attorney's fees in connection with the motion.

DATED this 3rd day of February, 2023.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF ADDITIONAL
TIME TO RESPOND - 3