UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUN JUNG, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE, <br><br> Defendant. | Case No. C22-5127RSL <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES |

This matter comes before the Court on defendant's "Motion for Sanctions re: Plaintiff's Failure to Comply with Order Compelling Discovery" (Dkt. # 18). The Court, having reviewed the submissions of the parties and the remainder of the record, grants defendant's motion for the reasons stated herein.

**I.     Background**

This case involves an insured, plaintiff Eun Jung, bringing claims against her auto insurer, defendant Liberty Mutual, alleging violations of the Washington Insurance Fair Conduct Act and breach of contract – specifically, breach of the duty of good faith and fair dealing. Dkt. # 1. On February 27, 2023, this Court granted defendant's motion for summary judgment and dismissed plaintiff's claims. Dkt. # 32. The Court now turns to defendant's requests for attorney's fees related to its motion to compel (Dkt. # 11) and motion for sanctions (Dkt. # 18).

**A. Motion to Compel**

On August 11, 2022, defendant filed a motion to "Compel Plaintiff's Initial Disclosures and Responses to Defendant's First Interrogatories and Requests for Production." Dkt. # 11. Plaintiff did not respond to the motion to compel and the Court granted the motion on October 31, 2022. Dkt. # 17. Defendant also requested an award of its reasonable attorney's fees and costs "in the sum of $6,694.00." Dkt. # 11-1; *see also* Dkt. # 12 at 3-4 (explaining calculation of fees). The Court denied defendant's request on the basis that Rule 37 states when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Dkt. # 17 (quoting Fed. R. Civ. P. 37(a)(5)(A)). Accordingly, the Court concluded that before an award could be granted, the Court must provide plaintiff an "opportunity to be heard." *Id.* The Court gave plaintiff a deadline of November 16, 2022 to respond to defendant's request for attorney's fees. *Id.* Plaintiff filed no response.

**B. Motion for Sanctions**

In its October 31, 2022 Order granting defendant's motion to compel, the Court ordered plaintiff to provide defendant with her initial disclosures required by Federal Rule of Civil Procedure 26(a) and respond to defendant's First Interrogatories and Requests for Production within fourteen (14) days of its Order. Dkt. # 17. Plaintiff failed to do so, and defendant moved for discovery sanctions, requesting that the Court award defendant attorney's fees connected with both the motion to compel and the motion for sanctions. Dkt. # 18.

On December 16, 2022, plaintiff filed a response to the motion for sanctions, citing plaintiff's serious health problems and plaintiff's attorney's severe personal challenges requiring medical intervention as the reasons for plaintiff "falling out of compliance with [her] discovery obligations." Dkt. # 20. Plaintiff requested additional time to comply with discovery obligations and provide briefing in response to the motion for sanctions. *Id.* On February 2, 2023, the Court granted plaintiff an additional fourteen (14) days to respond to both the motion to compel and the motion for sanctions. Dkt. # 30. Plaintiff failed to file additional briefing in response to either motion. It appears that plaintiff continues to be out of compliance with her discovery

obligations. *See, e.g.*, Dkt. # 23 (declaration of defendant's counsel, stating that they have yet to receive plaintiff's initial disclosures or discovery responses).

## II. Discussion

### A. Attorney's Fees for Motion to Compel

Federal Rule of Civil Procedure 37 states that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Here, the Court has granted defendant's motion to compel and provided plaintiff with an opportunity to be heard. *See* Dkt. # 17; Dkt. # 30. Accordingly, the Court "must" require plaintiff to pay defendant's "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Defendant requests a total award of $6,694.00 in attorney's fees in connection with its motion to compel. Dkt. # 12 at 3. The total fee includes: (a) six (6) hours (billed at a rate of $220 per hour) for lead attorney John M. Silk equaling $1,320; (b) 19.7 hours for attorney Brian J. Hansford (billed at $220 per hour) equaling $4,334; and (c) 10.4 paralegal hours (billed at a rate of $100 per hour) equaling $1,040. *Id.* at 3-4.

### B. Attorney's Fees for Motion for Sanctions

Federal Rule of Civil Procedure 37 also states that if a party fails to obey an order, including an order granting a motion to compel, the court "may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The Rule further states that "[i]nstead of or in addition to the orders [listed in Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also LegalForce RAPC Worldwide P.C. v. Demassa*, No. C18-43MMC-TSH, 2019 WL 5395038, at *4 (N.D. Cal. Oct. 22, 2019) (noting that "while most [discovery sanctions] are discretionary . . . [o]]ne remedy [the award of fees under 37(b)(2)(C)] is not"). Here, plaintiff has failed to obey the Court's order compelling her to

ORDER GRANTING DEFENDANT'S MOTION FOR
SANCTIONS AND ATTORNEY'S FEES - 3

provide defendant with her initial disclosures and respond to defendant's discovery requests. She has also failed to show that this failure was "substantially justified," despite being given several opportunities to do so. Accordingly, the Court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(C).

With regard to the motion to compel, defendant requests an award of $1,155. Dkt. # 19 at 2. This fee request encompasses a total of four (4) attorney hours billed at a rate of $220 per hour for the time attorney Brian J. Hansford, equaling $880, and 2.5 paralegal hours billed at $110 an hour, equaling $275. *Id.*

### C. Reasonableness of Fee Requests

The lodestar method is "the default principle for fee calculation in Washington." *Brand v. Dep't of Labor & Indus.*, 139 Wn. 2d 659, 676 (1999) (Talmadge, J. concurring). Under the lodestar method, there are two primary steps to calculating a fee award. *Bowers v. Transamerica Title Ins. Co.,* 100 Wn. 2d 581, 597-600 (1983). First, a lodestar fee is determined by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Id.* at 597-98. After the lodestar has been calculated, the court may consider the necessity of adjusting it to reflect factors not considered up to this point, such as the contingent nature of success in the lawsuit or the quality of legal representation. *Id.* at 598-99. The party requesting fees bears the burden of documenting the hours expended and providing evidence in support of those hours worked. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Finally, "the complaining party . . . may recover 'only the portion of his fees that he would not have paid but for' the misconduct." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 109 (2017) (quoting *Fox v. Vice*, 563 U.S. 826, 836 (2011)); *see also* Fed. R. Civ. P. 37(a)(5)(A) (limiting payment to "the movant's reasonable expenses incurred in making the motion").

Additionally, the Washington Court of Appeals has outlined six factors for determining whether nonlawyer fees are compensable:

> (1) the services performed by the non-lawyer personnel must be legal in nature; (2) the performance of these services must be supervised by an attorney; (3) the qualifications of the person performing the services must be specified in the request for fees in sufficient detail to demonstrate that the person is qualified by virtue of education, training, or work experience to perform substantive legal work; (4) the nature of the services performed must be specified in the request for fees in order to allow the reviewing court to determine that the services performed were legal rather than clerical; (5) as with attorney time, the amount of time expended must be set forth and must be reasonable; and (6) the amount charged must reflect reasonable community standards for charges by that category of personnel.

*Absher Const. Co. v. Kent Sch. Dist. No. 415*, 79 Wn. App. 841, 845 (1995) (internal citations omitted).

Here, the fees sought by defendant relate directly to the time spent preparing the motion to compel and motion for sanctions, thus they meet the *Goodyear* standard in that but for plaintiff's noncompliance with her discovery obligations, defendant would not have incurred these fees. Additionally, the Court finds that counsel's rates and hours are reasonable under the lodestar analysis. Thus, the Court GRANTS defendant's attorney's fees of $880.00 in relation to the motion for sanctions and $5,654.00 in relation to the motion to compel, for a total award of $6,534.00.

However, defendant has not put forth sufficient information to permit the Court to analyze its request for paralegal fees under the *Absher* factors. Accordingly, defendant's request for $1,040.00 in paralegal fees relating to the motion to compel and $275.00 in paralegal fees relating to the motion for sanctions is denied.

### III. Conclusion

For all the foregoing reasons, defendant's motion for sanctions (Dkt. # 18) is GRANTED. The Court GRANTS defendant's request for attorney's fees of $880.00 in relation to the motion for sanctions and $5,654.00 in relation to the motion to compel, for a total award of $6,534.00. Plaintiff is directed to pay a total of $6,534.00 to defense counsel no later than fourteen (14) days from the date of this Order.

ORDER GRANTING DEFENDANT'S MOTION FOR
SANCTIONS AND ATTORNEY'S FEES - 5

IT IS SO ORDERED.

DATED this 28th day of February, 2023.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR
SANCTIONS AND ATTORNEY'S FEES - 6