UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUN JUNG, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>LIBERTY MUTUAL FIRE INSURANCE,<br><br>  Defendant. | Case No. C22-5127RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ON DEFENDANT'S COUNTERCLAIM AND JUDGMENT ON AWARD OF ATTORNEY'S FEES |

This matter comes before the Court on defendant's "Motion for Entry of Default Judgment on Defendant's Counterclaim and Judgment on Award of Attorney's Fees" (Dkt. # 35). The Court, having reviewed the submissions of the parties and the remainder of the record, finds as follows.

**I. BACKGROUND**

Plaintiff Eun Jung filed this lawsuit on February 28, 2022, against her auto insurer, defendant Liberty Mutual. Dkt. # 1. Defendant Liberty Mutual filed its Answer to the Complaint and Counterclaim on May 31, 2022. Dkt. # 8. In its Counterclaim, defendant claimed that plaintiff was "obligated to reimburse Liberty for the medical payment benefits it paid…as provided by the [automobile insurance] Policy." Dkt. # 8 at 9. Specifically, defendant identified

the following provision from plaintiff's policy as allowing Liberty Mutual to recover the medical benefits payment it made on plaintiff's behalf:

> **PART F – GENERAL PROVISIONS**
> **OUR RIGHT TO RECOVER PAYMENT**
>
> A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:
>
> 1. Whatever is necessary to enable us to exercise our rights; and
> 2. Nothing after loss to prejudice them.
>
> However, our rights in this paragraph (A.) do not apply under Part D, against any person using "your covered auto" with a reasonable belief that that person is entitled to do so.
>
> B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
>
> 1. Hold in trust for us the proceeds of the recovery; and
> 2. Reimburse us to the extent of our payment.

Dkt. # 8 at 9. Plaintiff did not file an answer to defendant's Counterclaim. Dkt. # 35 at 3.

On August 12, 2022, defendant moved for default against plaintiff on defendant's counterclaim. Dkt. # 13. Defendant noted that plaintiff's answer to its counterclaim was due on June 21, 2022. *Id.* at 3. The Clerk of Court entered default against plaintiff on defendant's counterclaim on August 22, 2022. Dkt. # 15.

On December 2, 2022, defendant moved for discovery sanctions, requesting that the Court award defendant attorney's fees connected with both defendant's motion to compel and motion for sanctions. Dkt. # 18. Plaintiff filed a response to the motion for sanctions, explaining why she had fallen out of compliance with her discovery obligations and requesting additional time to provide briefing. Dkt. # 20. Although the Court provided plaintiff with additional time to

ORDER GRANTING DEFENDANT'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT ON
DEFENDANT'S COUNTERCLAIM AND
JUDGMENT ON AWARD OF ATTORNEY'S FEES
- 2

respond to defendant's discovery motions, plaintiff failed to file additional briefing in response to either the motion to compel or the motion for sanctions. Dkt. # 30; *see also* Dkt. # 17. Accordingly, the Court granted defendant's motion for sanctions and attorney's fees on February 28, 2023. Dkt. # 34.

Defendant now asks the Court to enter default judgment against plaintiff in the amount of $5,965.99 on defendant's Counterclaim. Dkt. # 35 at 4. Defendant contends that default judgment is appropriate here under Federal Rule of Civil Procedure 55 and Local Civil Rule 55. *Id.* at 5. Additionally, defendant requests that the Court enter judgment against plaintiff in the amount of $6,534, which reflects the attorney's fees awarded to defendant in the Court's Order Granting Defendant's Motion for Sanctions and Attorney's Fees. *Id.* at 4. Plaintiff has not filed a response to this motion. Dkt. # 37 at 2.

## II. DISCUSSION

### A. Legal Standards for Default Judgment

Federal Rule of Civil Procedure 55 governs both default and default judgment. Where, as here, a party seeking affirmative relief has successfully moved for entry of default, *see* Fed. R. Civ. P. 55(a); LCR 55(a), it may then seek the entry of default judgment either by the Clerk or by the Court, *see* Fed. R. Civ. P. 55(b); LCR 55(b). Because plaintiff – the defaulting party in this case – has made an appearance, default judgment must be entered by the Court. Fed. R. Civ. P. 55(b)(2); LCR 55(b)(4). A motion for default judgment must be supported by "a declaration and other evidence establishing [the moving party]'s entitlement to a sum certain," LCR 55(b)(1), and must be served on the opposing party at least "seven days before the hearing," Fed. R. Civ. P. 55(b)(2). Here, defendant has provided a declaration with its motion for default judgment, and served the motion on plaintiff. *See* Dkt. # 36 (declaration in support of motion for default judgment); Dkt. # 35 at 11 (certificate of service verifying March 9, 2023 service of motion for default judgment on plaintiff).

ORDER GRANTING DEFENDANT'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT ON
DEFENDANT'S COUNTERCLAIM AND
JUDGMENT ON AWARD OF ATTORNEY'S FEES
- 3

Upon entry of default, the well-pleaded allegations of the complaint as to defendant's liability are taken as true, and the defaulting party is deemed to have admitted all such allegations. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citations omitted)). The Court need not make detailed findings of fact as long as the allegations contained in the pleadings are sufficient to establish liability. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1997) (citations omitted). In order to satisfy itself that the relief requested is warranted, the Court has the power to require additional proof of facts, damages, or "any other matter." Fed. R. Civ. P. 55(b)(2).

In exercising its discretion to grant default judgment, the court may consider the following factors: (1) the possibility of prejudice to the moving party; (2) the merits of the moving party's substantive claims; (3) the sufficiency of the complaint or counterclaim; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Courts should start with "the general rule that default judgments are ordinarily disfavored" and "[c]ases should be decided upon their merits whenever reasonably possible." *Id.* at 1472.

**B. Jurisdiction**

As a preliminary matter, the Court first addresses whether it has jurisdiction to enter judgment in this case. "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter

ORDER GRANTING DEFENDANT'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT ON
DEFENDANT'S COUNTERCLAIM AND
JUDGMENT ON AWARD OF ATTORNEY'S FEES
- 4

the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The parties agree that this Court has subject matter jurisdiction, *see* Dkt. # 8 at 3, as there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The Court has personal jurisdiction over the counterclaim defendant, Ms. Jung, because she is domiciled in Washington state. Dkt. # 1 at 1; *see Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (stating that a court may exercise general jurisdiction over defendant consistent with the due process clause if the defendant is domiciled in the forum state); *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990*), rev'd on other grounds*, 499 U.S. 585 (1991) (Washington state's long-arm statute extends jurisdiction to the limit of federal due process).

### C. Default Judgment is Warranted

The Court finds that default judgment is warranted in this case as the majority of the *Eitel* factors support default judgment. The Court addresses each factor in turn.

#### i. Possibility of Prejudice to the Counterclaim Plaintiff

The first Eitel factor addresses the possibility of prejudice. In the context of a motion for default judgment, "'prejudice' exists where the [moving party] has no 'recourse for recovery' other than default judgment." *Getty Images (US), Inc. v. Virtual Clinics*, No. C13-626JLR, 2014 WL 358412, at *3 (W.D. Wash. Jan. 31, 2014) (quoting *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003)). In assessing this factor, courts "look at whether, if default judgment is denied, the plaintiff would be deprived of a remedy 'until such time as Defendant participates…in the litigation—which may never occur.'" *Id.* (quoting *U.S. v. Ordonez*, No. C10-1921LJO-SKO, 2011 WL 1807112, at *2 (E.D. Cal. May 11, 2001)). Here, plaintiff—the Counterclaim defendant—has, at best, participated sporadically in this case and has failed to respond at all to defendant's counterclaim. *See* Dkt. # 32 at 2 ("Plaintiff has largely failed to prosecute her case since filing her complaint."). Thus, it is doubtful that Liberty

ORDER GRANTING DEFENDANT'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT ON
DEFENDANT'S COUNTERCLAIM AND
JUDGMENT ON AWARD OF ATTORNEY'S FEES
- 5

Mutual—the Counterclaim plaintiff—has any recourse for recovery on its counterclaim other than default judgment. Accordingly, the first *Eitel* factor supports default judgment.

        ii.    **Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint**

Courts often analyze the second and third *Eitel* factors together. *See id.* at *3. These factors— the substantive merits of the moving party's claim and the sufficiency of the moving party's pleading—weigh in favor of default judgment when a plaintiff, or counterclaim plaintiff, has stated a claim on which it may recover. *Id.* In its Counterclaim, Liberty Mutual alleges a breach of contract. *See* Dkt. # 35 at 6. Specifically, it asserts that the terms of Ms. Jung's automobile insurance policy allow Liberty Mutual to recover the medical benefits payment it made on her behalf where Ms. Jung subsequently settled her claim against the tortfeasor responsible for the collision for a greater amount. Dkt. # 8 at 9. The elements of a breach of contract claim are as follows: (1) a contractual duty, (2) breach, (3) causation, and (4) damages. *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 78 Wn. App. 707, 712 (1995); *Larson v. Union Inv. & Loan Co.*, 168 Wn. 5, 12 (1932); *Alpine Indus., Inc. v. Gohl*, 30 Wn. App. 750, 754 (1981). Here, Liberty Mutual provided specific language from the policy establishing Ms. Jung's contractual duty to reimburse Liberty Mutual for any payments received if she recovers damages from another. Dkt. # 36-2 at 14; *see also* LCR 55(b)(2)(A) ("If the claim is based on a contract, [the moving party] shall provide the court with the copy of the contract and cite the relevant provisions."). Liberty Mutual also alleges that Ms. Jung recovered from the tortfeasor's insurer, State Farm, thus triggering this provision of the contract, and that Liberty Mutual has not yet received the reimbursement to which it is entitled. Dkt. # 36-3 at 2. Thus, Liberty Mutual's claims have merit, and the second and third factors also support default judgment.

        iii.    **The Sum of Money at Stake in the Action**

The fourth *Eitel* factor balances the sum of money at stake in the case compared to the seriousness of the defaulting party's conduct. *Eitel*, 782 F.2d at 1471-72. Courts must "assess

ORDER GRANTING DEFENDANT'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT ON
DEFENDANT'S COUNTERCLAIM AND
JUDGMENT ON AWARD OF ATTORNEY'S FEES
- 6

whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Liberty Mutual seeks $5,965.99, which reflects the amount of medical payment benefits paid out to Ms. Jung. Dkt. # 35 at 6. In support of this, Liberty Mutual provided a payment ledger reflecting the payments made to Ms. Jung, excerpts from the automobile insurance policy, and correspondence from State Farm confirming the terms of the settlement of Ms. Jung's claims against the tortfeasor in one of the collisions. Dkt. # 36 at 1-2, 4-28. Given this, the Court finds that the sum of money sought by Liberty Mutual is consistent with the terms of the insurance policy and appropriate. Accordingly, this factor supports default judgment.

### iv. The Possibility of a Dispute Concerning Material Facts

Turning to the fifth *Eitel* factor, material facts are not in dispute. Where the moving party "has supported its claims with ample evidence, and [the defaulting party] has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment." *Landstar*, 725 F.Supp.2d at 922. Liberty Mutual has provided the Court with Ms. Jung's automobile insurance policy as well as evidence that Ms. Jung received damages from another through the settlement with State Farm. Ms. Jung does not contest any of these facts nor did she file a response to the Counterclaim. Dkt. # 35 at 3. As a result, the fifth factor supports default judgment.

### v. Whether the Default was Due to Excusable Neglect

The sixth *Eitel* factor requires the Court to ask whether Ms. Jung's default was the product of excusable neglect. Default cannot be attributed to excusable neglect where the defaulting party is "properly served with the Complaint, the notice of entry of default, [and] the papers in support of the [default judgment] motion." *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). In the instant case, Ms. Jung was properly served with Liberty Mutual's Counterclaim (Dkt. # 8), the Clerk's Entry of Default (Dkt. # 15), and Liberty Mutual's Motion for Default Judgment (Dkt. # 35), as well as all papers in support

of the default judgment motion (Dkt. # 36). Ms. Jung did not respond to the Counterclaim. She also has not opposed Liberty's Motion for Default Judgment. *See* Dkt. # 37. Ms. Jung previously notified the court of her serious health problems as well as additional medical issues faced by her counsel, explaining that these issues caused plaintiff to fall out of compliance with her discovery obligations. Dkt. # 20 at 1-2. However, the Court provided plaintiff with multiple opportunities to supplement her responses in light of these problems, and she has failed to avail herself of them. Dkt. # 30 (providing plaintiff with an additional fourteen (14) days to respond to both the motion to compel and the motion for sanctions); *see also* Dkt. # 17. Thus, the Court ultimately finds that there is no excusable neglect here, and the sixth factor supports default judgment.

### vi. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

The seventh and final factor "requires the court to weigh whether default judgment is appropriate in light of the policy favoring decisions on the merits." *Getty Images*, 2014 WL 358412, at *5. As stated above, whenever it is reasonably possible, courts should decide cases upon their merits. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). This factor "almost always disfavors the entry of default judgment," but it is not dispositive. *Vawter v. Quality Loan Serv. Corp. of Wash.*, No. C09-1585JLR, 2011 WL 1584424, at *6 (W.D. Wash. Apr. 27, 2011). This factor weighs against default judgment despite the fact that Ms. Jung's failure to respond to Liberty Mutual's Counterclaim would make a judgment on the merits difficult, if not impossible. However, the Court finds that default judgment is appropriate as the rest of the *Eitel* factors support default judgment. Accordingly, the Court GRANTS Liberty Mutual's motion for default judgment.

### D. Damages

When granting default judgment, the Court must ensure that the amount of damages claimed is reasonable and supported by the evidence. *TeleVideo*, 826 F.2d at 917-18; *see also*

ORDER GRANTING DEFENDANT'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT ON
DEFENDANT'S COUNTERCLAIM AND
JUDGMENT ON AWARD OF ATTORNEY'S FEES
- 8

LCR 55(b)(2). Liberty Mutual sufficiently supported its claim for damages with payment ledger (Dkt. # 36-1), excerpts from the insurance policy (Dkt. # 36-2), and the correspondence from State Farm confirming the terms of Ms. Jung's settlement (Dkt. # 36-3). Accordingly, the Court finds Liberty Mutuals request for damages in the amount of $5,965.99 to be reasonable.

### E. Request for Entry of Judgment for Attorney's Fees

Liberty Mutual also asks the Court to enter judgment on its award of attorney's fees against Ms. Jung in the amount of $6,534. Dkt. # 35 at 6. The Court awarded these fees in relation to Liberty Mutual's Motion for Sanctions (Dkt. # 18) and Motion to Compel (Dkt. # 11). *See* Dkt. # 34 (awarding attorney's fees). These attorney's fees will be reflected in the Court's final judgment.

### III. CONCLUSION

For all the foregoing reasons, defendant's Motion for Default Judgment (Dkt. # 35) is GRANTED. The Clerk of Court is directed to enter judgment against plaintiff and in favor of defendant. As to defendant's counterclaim, the Clerk of Court is directed to award judgment in favor of defendant in the amount of $5,965.99. As to attorney's fees, the Clerk of Court is directed to include an award of $6,534.00 in attorney's fees to defendant in the judgment.[1]

IT IS SO ORDERED.

---

[1] The Court notes that in defendant's proposed judgment, it contemplates a "statutory" interest rate of 12%. *See* Dkt. # 35-1 at 1; Dkt. # 35-2 at 1. Pursuant to this Court's Local Rules, "[i]f [the moving party] is seeking interest and claims that an interest rate other than that provided by 28 U.S.C. § 1961 applies, [the moving party] shall state the rate and the reasons for applying it." LCR 55(b)(2)(B). Here, plaintiff has not addressed its suggested 12% rate in its motion, thus, the Court declines to include the 12% rate in its judgment.

ORDER GRANTING DEFENDANT'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT ON
DEFENDANT'S COUNTERCLAIM AND
JUDGMENT ON AWARD OF ATTORNEY'S FEES
- 9

1   DATED this 2nd day of May, 2023.

2

3

4                                            *Robert S. Lasnik*
                                             Robert S. Lasnik
5                                            United States District Judge

27  ORDER GRANTING DEFENDANT'S MOTION FOR
    ENTRY OF DEFAULT JUDGMENT ON
28  DEFENDANT'S COUNTERCLAIM AND
    JUDGMENT ON AWARD OF ATTORNEY'S FEES
    - 10